UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK G. ABATE,<br><br>                 Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                 Respondent. | Civil Action No. 2:09-cv-05130 (SDW)<br><br><br><br><br><br>**MEMORANDUM OPINION**<br><br>August 11, 2010 |

WIGENTON, District Judge.

Before the Court is the petition of Frank G. Abate ("Petitioner" or "Abate") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255[1] ("Motion"). The Government ("Respondent") now moves to dismiss Petitioner's motion. For the reasons set forth below, the Court **denies** Petitioner's Petition for Habeas Corpus Relief under § 2255 and **grants** Respondent's Motion to Dismiss with prejudice.

## BACKGROUND

From 2002 to 2006, Abate served as Executive Director of the Western Monmouth Utilities Authority. On November 21, 2006, a Grand Jury sitting in Newark, New Jersey

---

[1] Section 2255 reads in relevant part:
    A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
28 U.S.C. § 2255.

1

indicted Abate on thirteen counts of conviction revolving around a kickback scheme involving Abate and two developers, as well as Abate's attempt to cover up that scheme by manufacturing a fraudulent paper trail. Subsequent to a jury trial, Abate was convicted of five counts of honest services mail fraud and one count of obstruction of justice. *United States v. Frank G. Abate*, Crim. No. 06-919, (D.N.J. August 13, 2007). On August 13, 2007, this Court conducted a sentencing hearing. Among other things, Abate contested the United States Sentencing Guidelines' ("U.S.S.G." or "Guidelines") enhancements related to his accepting more than one bribe and urged the Court to sentence him in-line with eight public corruption defendants in the District of New Jersey who received sentences that were below 41 months. The Court reviewed the written submissions by the Government and Abate as well as extensive oral arguments relating to the matter. After considering the parties' submissions and presentations, the 18 U.S.C. § 3553(a) factors, and explicitly acknowledging the advisory nature of the Sentencing Guidelines in fashioning the Court's sentence, this Court sentenced Abate to imprisonment for fifty-one months.

Abate appealed his sentence to the Third Circuit disputing this Court's application of a two-level enhancement pursuant to U.S.S.G. § 2C1.1(b)(1) and asserting that his sentence was unreasonable under 18 U.S.C. § 3553 because this Court did not adequately consider whether he was entitled to a variance in light of the sentences in other public corruption cases in the District of New Jersey. On December 11, 2008, the Third Circuit denied Petitioner's appeal and affirmed this Court's sentence.

Petitioner timely filed the present Section 2255 petition seeking to vacate his conviction asserting that: (1) the Court incorrectly presumed that the Guidelines were reasonable; and (2) the Court improperly failed to consider the sentences of eight public corruption defendants in the

2

District of New Jersey. *See* Docket Entry No. 1 at 12-14, 22-23, 25-28. This Court will address Petitioner's points *seriatim*.

## DISCUSSION

When considering a § 2255 petition, the Court must "accept the truth of the [Petitioner]'s factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 54, 545-46 (3d Cir. 2005) (citations and quotation marks omitted). The Court is also required to hold an evidentiary hearing unless the §2255 petition, along with the underlying case record, show conclusively that the Petitioner is not entitled to relief. *Gov't of V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). Furthermore, Rule 4(b) of the Rules Governing Section 2255 Proceedings provides: "If it plainly appears from the face of the [petition] and any annexed exhibits and the prior proceedings in the case that the [petitioner] is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the [petitioner] to be notified." Fed. R. Governing § 2255 Proceedings 4(b).

I.  Presumption of Reasonableness

Abate asserts that this Court presumed that a within-Guidelines sentence was reasonable during his sentencing and violated *Nelson v. United States*, 129 S.Ct. 890 (2009). In *Nelson*, the Supreme Court simply reaffirmed the existing rule that a district judge "may not presume that the Guidelines range is reasonable." *Gall v. United States*, 552 U.S. 38, 50 (2007); *accord Rita v. United States*, 551 U.S. 338, 351 (2007). In particular, the sentencing judge in *Nelson* unambiguously presumed the reasonableness of the Guidelines, explaining to the defendant that "the Guidelines are considered presumptively reasonable." *Nelson*, 129 S.Ct. at 891.

Here, the two statements of this Court that Petitioner takes issue with never suggested that the Court treated the Guidelines as presumptively reasonable. First, during discussion of an

3

issue that affects the offense level calculation, this Court stated that "the second issue that could potentially affect the offense level calculation under the Sentencing Guideline, which this Court does understand is advisory only and certainly does consider it in an advisory capacity, . . is whether in fact this was a bribe [or] a gratuity." (*See* Transcript of Sentencing Hearing (August 13, 2007) ("Sent. Hearing Trans.") 20; Compl. 12.) Next, during discussion of the relevant §3553(a) factors, this Court stated that "although [the] sentence should be one that should be in fact sufficient but not greater than necessary in looking at the sentencing guidelines, in an advisory capacity, the sentencing guidelines do [allow the court to] take into consideration certain issues." (*See* Sent. Hearing Trans. 23; Compl. 13.) Consequently, Petitioner asserts that because the Court consulted the guidelines' offense level calculation; viewed it in an advisory capacity; and ultimately arrived at a sentence that happened to be within the sentencing guidelines' range, that the Court must have applied a presumption of reasonableness to the guidelines range. (Compl. 14.) This Court cannot endorse such a leap of faith in logic.

As the Third Circuit has explained, district courts must follow a three-step sentencing process: (1) the court must correctly calculate the applicable Guidelines ranges as an initial benchmark; (2) the court must formally rule on the motions of both parties and state on the record whether it is granting a departure and how that departure affects the Guidelines calculation; and (3) the court is required to exercise its discretion by considering the relevant § 3553(a) factors in setting the sentence it imposes regardless of whether it varies from the sentence calculated under the Guidelines. *United States v. Lopez-Reyes*, 589 F.3d 667, 670 (3d Cir. 2009).

This Court correctly calculated the Guidelines range, *See United States v. Abate*, 302 Fed.App'x. 99, 104 (3d Cir. 2008), heard arguments from both parties regarding an appropriate

sentence, and explained its reasons for imposing the sentence on the record. In particular, this Court explicitly acknowledged the advisory nature of the sentencing guidelines, (*See* Sent. Hearing Trans. 20, 23.), and recognized that the sentence imposed "should be one that should be in fact sufficient but no greater than necessary in looking at the sentencing guidelines." (Id. At 23.) To that end, this Court reviewed all letters of character references, the presentence report, and the sentencing memorandum of both parties. (*See* id. at 19.) This Court then balanced Petitioner's reputable standing in the community and clean record prior to the conviction with the seriousness of the offenses convicted and Petitioner's apparent lack of acceptance of responsibility. (*See* id. at 22-25.) Therefore, the record demonstrates that this Court, throughout the sentencing hearing, appropriately considered the facts of Petitioner's case before settling on a sentence of fifty-one months. Nowhere in the record is there indication that this Court presumed the reasonableness of the Guidelines, as did the judge in *Nelson*.

Furthermore, because *Nelson v. United States* simply restates a rule articulated in *Gall v. U.S.* from 2007, *see supra*, Petitioner should have raised the issue when his appeal was pending before the Third Circuit. Since Petitioner failed to raise this issue on direct appeal, he is also procedurally barred from asserting it now without demonstrating any "cause and prejudice" for that failure. *United States v. Essig*, 10 F.3d 968, 979 (3d Cir. 1993).

While this Court is mindful of its obligation to construe *pro se* habeas petitions liberally, *see Erickson v. Pardus*, 551 U.S. 89 (2007); *see also Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998), a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. *See Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989); *See also* 28 U.S.C. § 2255. Accordingly, the Court dismisses Petitioner's claim that this Court has presumed the reasonableness of the Guidelines.

II. <u>Uniformity of Sentence</u>

Abate continues to assert that his sentence was un-reasonable under 18 U.S.C. §3553(a) because this Court failed to address whether he was entitled to a variance based on the sentences of eight public corruption defendants in the District of New Jersey. This argument was raised and subsequently dismissed by the Third Circuit on appeal. Regarding the uniformity argument, the Third Circuit found "[t]he District Court was entirely justified in dismissing the weak uniformity argument . . . . We find no error." *United States v. Abate*, 302 F.App'x 99, 104 (3d Cir. 2008). Therefore, Petitioner Abate's claim is barred and dismissed. *See United States v. DeRewal*, 10 F.3d 100, 105 n. 4 (3d Cir. 1993) (the court held that petitioner bringing 28 U.S.C. § 2255 challenge should not be allowed to re-litigate issues raised and decided on direct appeal).

## CONCLUSION

For the reasons discussed in this Opinion, this Court grants Respondent's Motion to Dismiss Petitioner's request for § 2255 relief.

Hon. Susan D. Wigenton, U.S.D.J.

Orig: Clerk
Cc: Parties

6